IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 13-cv-00740-WYD-MEH

MALIBU MEDIA, LLC,

      Plaintiff,

v.

KASRA KEIGHOBADY,

      Defendant.
_____

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE**
_____

      THIS MATTER is before the Court on Magistrate Judge Hegarty's Recommendation [ECF No. 25] regarding plaintiff, Malibu Media, LLC's, Motion For Entry Of Default Judgment Against Defendant Kasra Keighobady [ECF No. 23].  On August 15, 2013, I referred Malibu Media's motion [ECF No. 23] to Magistrate Judge Hegarty. ECF No. 24.  On September 16, 2013, Magistrate Judge Hegarty issued a Recommendation [ECF No. 25] stating that Malibu Media's motion [ECF No. 23] should be granted in part and denied in part and that judgment should be entered in favor of Malibu Media against defendant, Kasra Keighobady.  Magistrate Judge Hegarty's Recommendation [ECF No. 25] is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), Rule 72(b) of the FEDERAL RULES of CIVIL PROCEDURE, D.C.COLO.LCivR. 72.1.

      Magistrate Judge Hegarty advised the parties that they had 14 days after service of a copy of his Recommendation [ECF No. 25] to file objections to the

- 1 -

Recommendation [ECF No. 25]. ECF No. 25, p. 1, n.1.  As of Wednesday, December 18, 2013, no party has filed objections.  Because the parties did not file objections, I am vested with discretion to review the Recommendation [ECF No. 25] "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").  Nonetheless, though not required to do so, I review the Recommendation [ECF No. 25] to "satisfy [my]self that there is no clear error on the face of the record."[1] Advisory Committee Notes to FED. R. CIV. P. 72(b).

Having reviewed the Recommendation [ECF No. 25], I am satisfied that there is no clear error on the face of the record.  I find that Magistrate Judge Hegarty's Recommendation [ECF No. 25] is thorough, well-reasoned, and sound.  Further, I agree that Malibu Media's motion [ECF No. 23] should be granted in part and denied in part and that judgment should be entered in favor of Malibu Media against Keighobady.

## CONCLUSION

After careful consideration of the matter before this Court, it is

ORDERED that Magistrate Judge Hegarty's Recommendation [ECF No. 25] is **AFFIRMED** and **ADOPTED**.  Accordingly, it is

FURTHER ORDERED that Malibu Media's Motion For Entry Of Default Judgment Against Defendant Kasra Keighobady [ECF No. 23] is **GRANTED IN PART**

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, FED. R. CIV. P. 72(a), which in turn is less than a *de novo* review, FED. R. CIV. P. 72(b).

and **DENIED IN PART**.

The motion is **GRANTED** to the extent that Malibu Media seeks judgment in its favor against Keighobady for direct copyright infringement as set forth in Count 1 of the Amended Complaint [ECF No. 15]. **As such, Keighobady shall pay Malibu Media $15,750.00 in statutory damages, as authorized by 17 U.S.C. § 504(c)(1), and $2,995.00 in attorney fees and costs as authorized by 17 U.S.C. § 505. Further, Keighobady shall permanently destroy all digital media files relating to, and copies of, Malibu Media's copyrighted works made or used by him in violation of Malibu Media's exclusive rights, as well as all masters in his possession, custody, or control from which such copies may be reproduced**.

The motion is **DENIED** to the extent Malibu Media requests this Court to permanently enjoin Keighobady from continuing to infringe Malibu Media's copyrighted works. It is

FURTHER ORDERED that **Keighobady shall pay all monies owed to Malibu Media, as stated in this Order, on or before Monday, February 17, 2014. Malibu Media shall file a Status Report on or before Friday, February 21, 2014, apprising the Court whether Keighobady has complied with the terms of this Order**.

Dated:  December 18, 2013.

BY THE COURT:

/s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior U. S. District Judge